UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY, <br><br> Plaintiff, <br><br> v. <br><br> SUSAN HUBBARD, et al., <br><br> Defendants. | CASE NO. 1:12-cv-01200-LJO-MJS (PC) <br><br> **ORDER DENYING MOTION FOR ORDER TO SERVE DEFENDANTS BY SUBSTITUTION OF SERVICE** <br><br> **(ECF No. 36)** <br><br> **CLERK TO TERMINATE ECF No. 44** <br><br> **Telephonic Status Conference Regarding Service:** December 22, 2016 at 10:00 a.m. in Courtroom 6 (MJS) |

**I.     Procedural History**

Plaintiff is a former state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. On May 4, 2016, the Court screened Plaintiff's third amended complaint and found that it stated cognizable claims against ten defendants: Dr. Gonzalez, Dr. Nguyen, Dr. Metts, Physician's Assistant L. Peters, Physician's Assistant T. Byers, Nurse T. Grossi, Nurse Ruff, Nurse Indindes, and Nurse Amanda Kaylor. (ECF No. 31.)

1

On May 12, 2016, the United States Marshals Service was ordered to initiate service on the defendants. (ECF No. 33.) Defendants Gonzalez, Kaylor, and Metts waived service. (ECF Nos. 39.) They then filed a motion to dismiss for failure to state a claim. (ECF No. 40.) The motion is pending.

Duc Nguyen waived service on behalf of Defendant Nguyen. (ECF No. 51.) Mr. Nguyen then moved pro se to quash service on the grounds that he mistakenly waived service and he is not the Defendant Nguyen named in the complaint. (ECF No. 55.) This motion also is pending.

Waivers of service for Defendants Peters, Byers, Grossi, Indindes, and Dunn were returned unexecuted. (ECF Nos. 45, 46, 56.) According to the Marshals Service, Defendants Dunn and Indindes no longer work for the California Department of Corrections and Rehabilitation. Defendants Peters, Byers, and Grossi were contract employees and are no longer employed with the contracting company.

No waiver was returned for Defendant Ruff. However, the Marshals service has informed the Court that her waiver also was returned unexecuted.

Plaintiff has filed a motion seeking to serve the remaining defendants through substituted service at their last known place of business, i.e., the California Substance Abuse Treatment Facility in Corcoran, California. (ECF No. 36.) Defendants Gonzalez, Kaylor, and Metts filed a response. (ECF No. 42.) Plaintiff filed a reply, stating that Gonzalez, Kaylor, and Metts do not have standing to oppose the motion on behalf of the absent defendants.[1] (ECF No. 44.)

**II.   Legal Standard**

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint.[2] 28 U.S.C. § 1915(d);

---

[1] Plaintiff's reply was docketed as a motion. (ECF No. 44.) The Clerk's Office will be directed to terminate ECF No. 44 because it is not a motion.

[2] Defendants imply that Plaintiff is not entitled to service by the U.S. Marshal because he is no longer incarcerated. (ECF No. 42 at 2.) However, the ability to utilize the Marshals Service derives from Plaintiff's pauper status, not his incarceration.

Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshals for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause" for extending the time for service. Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Waivers of service may be sent to the individual defendant or to an agent authorized to receive service pursuant to Federal Rule of Civil Procedure 4(h). Fed. R. Civ. P 4(d)(1)(A). Personal service may be undertaken in a number of ways. Fed. R. Civ. P. 4(e). The summons and complaint may be delivered personally to the defendant or the defendant's authorized agent or left at the defendant's dwelling or usual place of above. Fed. R. Civ. P. 4(e)(2). Alternatively, a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P 4(e)(1).

California law is similar. A summons may be served personally on the individual. Cal. Code Civ. P. § 415.10. Alternatively, "a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address" or "by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address." Cal Code. Civ. P. § 415.20.

### III. Discussion

At the outset, the Court notes that more than ninety days have passed since the Marshals Service was ordered to serve Defendants. See Fed. R. Civ. P. 4(m). Nonetheless, the Court concludes there is good cause for extending this deadline. Plaintiff has diligently attempted to serve Defendants. Dismissal at this juncture is unwarranted. The Court will provide Plaintiff with an opportunity to be heard on the issue of dismissal if and when it appears that all reasonable efforts to serve Defendants have been exhausted.

Plaintiff is advised, however, that his current efforts to effectuate service are somewhat misplaced. As stated, it is Plaintiff's obligation to provide the Marshals Service with sufficient information to identify the Defendants. Walker, 14 F.3d at 1422. With regard to the unserved Defendants, he has not done so. Absent further information, it appears the Marshals Service is unable to locate and properly identify the individuals Plaintiff wishes to serve.

Nor may the Defendants be served by delivering the summons to the Defendants' last known business address, as Plaintiff suggests. Because Defendants are no longer employed at that address and do not utilize it as a regular place of business, such service would not be effective under either federal or California law.

The Court is cognizant that Plaintiff has limited, if any, ability to identify and locate these Defendants absent Court intervention. In such circumstances, the Court may open discovery for the limited purpose of identifying the Defendants with sufficient specificity to allow Plaintiff to locate them. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Plaintiff may be entitled to subpoena the California Department of Corrections and Rehabilitation and/or the contract employees' employer. Fed. R. Civ. P. 45. Such subpoenas may entitle Plaintiff to a broad range of personal identifying information.

Alternatively, the Office of the Attorney General, who represents Defendants Gonzalez, Kaylor, and Metts in this action, may agree to provide some of this information

voluntarily. For example, defense counsel may agree to provide these Defendants' current addresses for service of process, either directly to Plaintiff or to the Court in camera.[3] Or, counsel may agree to provide Plaintiff with sufficient information to attempt to locate Defendants on his own, such as the Defendants' full names and last known addresses.

In light of these considerations, the Court will set the matter for a telephonic status conference to discuss service of process and to attempt to resolve these issues.

## IV.   Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for order to serve defendants by substitution of service (ECF No. 36) is DENIED;
2. The matter is set for a telephonic status conference on December 22, 2016 at 10:00 a.m. in Courtroom 6 (MJS).
3. The parties may participate in the hearing by calling (888) 204-5984 and then entering access code 4446176#.

IT IS SO ORDERED.

Dated:   November 27, 2016           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

---

[3] In the Court's experience, the Office of the Attorney General frequently is able to locate former employees, including contract employees, with a modicum of effort.