UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br> SUSAN HUBBARD, et al., <br><br>　　　　　Defendants. | CASE NO. 1:12-cv-01200-LJO-MJS (PC) <br><br> **ORDER GRANTING MOTION TO QUASH WAIVER OF SERVICE ON DEFENDANT NGUYEN** <br><br> **(ECF No. 55)** |

**I.   Procedural History**

Plaintiff is a former state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. On May 4, 2016, the Court screened Plaintiff's third amended complaint and found that it stated cognizable claims against ten defendants: Dr. Gonzalez, Dr. Nguyen, Dr. Metts, Physician's Assistant L. Peters, Physician's Assistant T. Byers, Nurse T. Grossi, Nurse Ruff, Nurse Indindes, and Nurse Amanda Kaylor. (ECF No. 31.)

On May 12, 2016, the United States Marshals Service was ordered to initiate service on the defendants. (ECF No. 33.) Dr. Duc Nguyen waived service on behalf of Defendant Nguyen. (ECF No. 51.)

Before the Court is Dr. Nguyen's pro se motion to quash service on the grounds that he mistakenly waived service and he is not the Defendant Nguyen named in the complaint. (ECF No. 55.) Plaintiff filed no opposition and the time for doing so has passed. Local Rule 230(*l*).

1

## I. Legal Standard

Service may be effectuated by meeting the state requirements for service or by "delivering a copy of the summons and complaint to the individual personally . . . leaving a copy of each at the individual's dwelling . . . or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). California allows for service to be accomplished by personal delivery or by leaving a copy of the summons and complaint with a qualified individual at the person's home, business, or usual mailing address and subsequently mailing a copy to the person at that address. Cal. Code Civ. Proc. 415.10, 415.20 (2015).

Once challenged, a plaintiff bears the burden of establishing that service was proper. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

## II. Discussion

Dr. Nguyen states that he has not worked at the California Substance Abuse Treatment Facility since early 2004. Plaintiff does not contest these assertions. The incidents at issue in this action occurred at the California Substance Abuse Treatment Facility in 2009 and 2010. Accordingly, it appears that Dr. Duc Nguyen in not a proper defendant in this action. Plaintiff has not shown that service was properly accomplished upon the correct Defendant Nguyen. The motion to quash service and Dr. Duc Nguyen's waiver of service will be granted.

## III. Conclusion and Order

Based on the foregoing, the motion to quash service (ECF No. 55) is HEREBY GRANTED. Further efforts to serve the correct Defendant Nguyen will be discussed at the previously-set December 22, 2016 status conference regarding service.

IT IS SO ORDERED.

Dated:   December 5, 2016         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE