UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN HUBBARD, et al.,<br><br>Defendants. | Case No. 1:12-cv-01200-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION TO DISMISS AND AMENDED MOTION TO DISMISS**<br><br>**(ECF Nos. 40, 53)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

## I. Procedural History

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On May 4, 2016, the Court screened Plaintiff's third amended complaint and found that it stated cognizable claims against ten defendants: Dr. Gonzalez, Dr. Nguyen, Dr. Metts, Physician's Assistant L. Peters, Physician's Assistant T. Byers, Nurse T. Grossi, Nurse Ruff, Nurse Indindes, and Nurse Amanda Kaylor. (ECF No. 31.)

Defendants Gonzalez, Kaylor, and Metts waived service (ECF No. 39) and filed the instant motion to dismiss for failure to state a claim (ECF No. 40).[1] Following a show

---

[1] No other Defendants have been served.

cause hearing regarding the motion (see ECF Nos. 43, 47, 52), Defendants filed an amended motion to dismiss (ECF No. 53). The amended motion does not replace the original motion, but rather addresses the issue, raised at the show cause hearing, of the proper legal standard to be applied in motions to dismiss that challenge the conclusions in the Court's screening order. Plaintiff filed an opposition. (ECF No. 61.) Defendants filed a reply. (ECF No. 63.)

The matter is submitted. Local Rule 230(*l*).

## II.     Legal Standard

As noted above, the instant motion raises questions as to the proper legal standard to be applied to a motion to dismiss for failure to state a claim where the Court already has screened the complaint and concluded that the allegations, in fact, are sufficient to state a claim

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

This is the same legal standard applied by the Court in screening a pro se plaintiff's complaint. Indeed, it is the very standard the Court applied in evaluating Plaintiff's complaint, and which lead to the Court's conclusion that the complaint stated cognizable claims. That is, the Court found that Plaintiff alleged claims which, when accepted as true for pleading purposes, would survive a Rule 12(b)(6) motion. Nevertheless, Defendant argues that the very pleading which this Court found stated a cognizable claim does not state a cognizable claim and should be dismissed pursuant to Rule 12(b)(6).

In these circumstances, some courts have concluded that a motion to dismiss implicates the law of the case doctrine. E.g., Green v. Chakotos, No. 1:11-CV-01611-LJO-DLB PC, 2014 WL 3563314, at *3 (E.D. Cal. July 18, 2014), report and recommendation adopted, No. 1:11-CV-01611-LJO, 2014 WL 3927229 (E.D. Cal. Aug. 11, 2014). Thus, "[i]f the defendants in a case which has been screened believe there is a good faith basis for revisiting a prior determination made in a screening order, they must identify the basis for their motion, be it error, an intervening change in the law, or some other recognized exception to the law of the case doctrine." Id. (citing Chavez v. Yates, No. 1:09–cv–01080–AWI–SKO (PC) (E.D. Cal. Oct. 3, 2013) (ECF No. 41)).

Other courts treat such motions as motions for reconsideration. Moreno v. Beddome, No. CV 11–2333–PHX–DGC (SPL), 2012 WL 3150205, at *2 (D. Ariz. Aug. 2, 2012) (treating the motion to dismiss as a motion for reconsideration and providing that "a motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond").

And still others conclude that the screening order has no bearing on the Court's obligation to reach the merits of the motion to dismiss. Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (providing that 1915A's "screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"); Lucas v. Jovanovich, No. CV 15-76-H-DLC-

3

JTJ, 2016 WL 3267332, at *2-3 (D. Mont. June 10, 2016) (footnote omitted). This is because a contrary view "would deprive Defendants of the basic procedural right to challenge the sufficiency of the pleadings." James v. Perez, No. 2:08–CV–01857–RRC, 2012 WL 5387676, at *2 (E.D. Cal. Nov. 1, 2012) (Ninth Circuit Judge Richard C. Clifton sitting by designation).

The Court is persuaded by the last of the three approaches. Although motions to dismiss that follow screening orders frequently require the Court to repeat – often verbatim – analysis set forth in the screening order, the Court agrees that Defendants nonetheless have a procedural right to bring such a motion and to have their arguments considered by the District Judge. Accordingly, the Court will evaluate the motion on the merits under the standards applicable under Rule 12(b)(6).

## III.     Plaintiff's Allegations

Plaintiff's allegations are lengthy and involve the conduct of several Defendants who are not parties to the instant motion to dismiss. Accordingly, the allegations are summarized only briefly herein. Additional details regarding specific allegations at issue in this motion to dismiss are discussed in section IV, below.

Plaintiff's general allegations may be summarized essentially as follows.

Plaintiff has a spinal cord injury and is confined to a wheelchair. He suffers from back and shoulder injuries, poor upper body strength, and the inability to balance himself without help. Prior to transferring to the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, he was housed at California State Prison – Corcoran in a Medical Outpatient Housing Unit ("MOHU"). There, he had a medical bed with rails to assist with activities of daily living ("ADLs") and he had a work release order. While in this housing environment, Plaintiff never had a Stage II pressure sore.

When he transferred to SATF in May 2009, he was placed in the general population. However, Plaintiff's medical needs could not be effectively accommodated there. Shortly after his arrival, Plaintiff began complaining of his housing placement and lack of accommodations.

Beginning in at least July 2009, Plaintiff began to experience skin breakdown that developed into a Stage II pressure sore. Plaintiff was not provided with adequate supplies or accommodations to care for his pressure sore. By September 2009, the sore was "severe," and by October it was discharging puss, fat, and tissue.

On October 24, 2009, Plaintiff was hospitalized with a Stage III pressure sore, which was infected. On November 2, 2009, he was discharged and returned to SATF. There, staff often delayed changing his dressings, even when the dressings were soiled with feces.

By December 2009, the pressure sore had progressed to Stage IV. On December 18, 2009, Plaintiff again was hospitalized with an infected pressure sore. He was discharged in January to 2010 to the Acute Care Hospital at Corcoran State Prison to await skin flap surgery.

Plaintiff underwent skin flap surgery on March 14, 2010. Thereafter, he was discharged back to SATF. On March 21, 2010, Defendant Dr. Metts used a Hoyer lift to transfer Plaintiff from his bed, damaging the surgical flap. Plaintiff thus was required to undergo a second skin flap surgery on April 2, 2010.

Shortly before his release from prison, Plaintiff developed an abscess at the site of the surgery, a Stage IV pressure sore, and osteomyelitis and other infections in the wound. Following his release from prison on July 27, 2010, he underwent a third surgery and a fifteen month hospital confinement.

**IV.  Discussion**

    **A.  Legal Standard – Medical Indifference**

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible

5

1 medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges
2 deliberate indifference based on a delay in medical treatment, the prisoner must show
3 that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir.
4 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs,
5 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is
6 insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407
7 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

8 "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d
9 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be
10 aware of the facts from which the inference could be drawn that a substantial risk of
11 serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057
12 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have
13 been aware of the risk, but was not, then the official has not violated the Eighth
14 Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson,
15 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not
16 sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.
17 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish
18 deliberate indifference by showing that officials intentionally interfered with his medical
19 treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v.
20 Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

21 **B.    Dr. Gonzalez**

22 Plaintiff's allegations against Dr. Gonzalez may be summarized essentially as
23 follows.

24 On July 3, 2009, Plaintiff was seen by Defendant Dr. Gonzalez. Plaintiff was
25 already suffering from skin deterioration at this time. Plaintiff presented a list of
26 equipment he believed he needed to properly manage his medical needs. Dr. Gonzalez
27 did not examine Plaintiff and refused Plaintiff's request for a medical bed and housing
28 accommodation. As a result, Plaintiff sustained shoulder, hip, and back injuries from

6

falling off of an inappropriate bed. He also suffered "continued skin breakdown, physical deterioration and inability to care for one's self." Dr. Gonzalez did provide Plaintiff with bowel care supplies. However, he ignored Plaintiff's back and shoulder injuries, thus restricting Plaintiff's ability to function in the general population. He refused to order bed rest to allow Plaintiff's wound to heal. According to Plaintiff, it was obvious that his wound would enlarge into a "full blown pressure sore" if such measures were not taken.

The Court concluded that Plaintiff had alleged a cognizable claim against Dr. Gonzalez for refusing to examine Plaintiff, despite Plaintiff presenting with skin deterioration. As to the remaining allegations, the Court concluded that Plaintiff failed to allege sufficient facts to suggest deliberate indifference, rather than a mere difference of opinion regarding appropriate medical care.

Defendant first points out that Plaintiff was not suffering from a pressure sore at the time Dr. Gonzalez failed to examine him. However, Plaintiff was suffering from skin deterioration. The Court finds this sufficient to allege a serious medical need in light of Plaintiff's other medical complications, particularly his mobility issues.

Second, Defendant argues that Plaintiff does not attribute his injuries to the lack of examination, but rather to other conduct by Defendant, such as his failure to order a medical bed. This argument is predicated on a degree of imprecision in the Court's screening order. Therein, the Court concluded that Plaintiff stated a cognizable claim with regarding to Gonzalez's failure to examine him, but did not state a cognizable claim with regard to Plaintiff's requests for specific accommodations. Although not specifically stated in the Court's screening order, the potential constitutional violation arises from Defendant Gonzalez's failure to examine Plaintiff and thereafter to offer appropriate treatment for his skin deterioration.

Third, Defendant contends that Plaintiff does not allege that any delays attributable to Dr. Gonzalez led to substantial harm. However, as stated, Plaintiff alleges that his skin deterioration progressed to a Stage II, and eventually Stage III, pressure sore requiring hospitalization. The facts alleged are sufficient to suggest that these

injuries are attributable at least in part to the conduct of Dr. Gonzalez.

Lastly, Defendant argues that the complaint does not suggest that Dr. Gonzalez acted with the requisite state of mind. However, Plaintiff alleges that Dr. Gonzalez was aware of Plaintiff's mobility impairments and was informed that Plaintiff was experienced skin deterioration. He did not examine Plaintiff or recommend a course of treatment, other than to provide Plaintiff with bowel care supplies. These facts are sufficient at the pleading stage to suggest that Defendant Gonzalez was deliberately indifferent to Plaintiff's skin deterioration.

Accordingly, the motion to dismiss the claims against Defendant Gonzalez should be denied.

**C.    Nurse Kaylor**

Plaintiff alleges that, on November 13, 2009, Kaylor refused to change Plaintiff's dressing, which was soiled with feces. He was told to return later. On November 14, 2009, Kaylor again refused to change the dressing that was soiled with feces, telling Plaintiff to return in eight hours. When Plaintiff insisted, he was required to wait one hour for treatment. The Court concluded that Plaintiff's allegation that Kaylor refused to treat Plaintiff's feces-soiled dressing was sufficient to allege deliberate indifference.

Defendant argues that Plaintiff has failed to allege substantial harm resulting from the delays in changing his feces-soiled dressings. However, Plaintiff has alleged that his pressure sore subsequently became infected with MRSA and developed into osteomyelitis. Defendant may be able to show on summary judgment that allowing Plaintiff's wound to be exposed to feces for hours or days was not the cause of such infections. However, at the pleading stage, Plaintiff's allegations are sufficient to require Defendant to answer. See Wilhelm v. Rotman, 680 F.3d 1113, 1116 (9th Cir. 2012).

Defendant also argues that Plaintiff fails to allege facts to show that Defendant acted with the requisite state of mind. The Court finds that the allegation that Defendant was aware that Plaintiff's dressing were soiled but nonetheless delayed treatment is sufficient to allege that Defendant knew of but disregarded a substantial risk to Plaintiff's

8

health.

Accordingly, the motion to dismiss claims against Defendant Kaylor should be denied.

**D.     Dr. Metts**

Plaintiff's allegations against Dr. Metts may be summarized essentially as follows:

Plaintiff underwent skin flap surgery on March 14, 2010, and afterward was discharged to SATF. There, on or about March 21, 2010, Defendant Dr. Metts ordered that Plaintiff be transferred from his bed using a Hoyer lift, despite knowing that use of this lift would damage the vulnerable tissue because it would focus a substantial amount of pressure on the surgical area. The transfer did indeed damage the tissue of the surgical flap, and Plaintiff had to undergo a second skin flap surgery.

The Court concluded that this allegation was sufficient to state a cognizable claim: "Plaintiff claims that Dr. Metts used a Hoyer lift to transfer Plaintiff against Plaintiff's surgeon's instructions despite knowing that it would create a serious risk of substantial harm to Plaintiff (by concentrating pressure on the surgical area), and that this conduct did in fact result in serious damage requiring a second surgery."

Defendant argues that the facts alleged do not suggest that Defendant Metts acted with the requisite state of mind because Plaintiff states that Metts "knew or should have known" that the use of the lift would damage Plaintiff's surgical wound. Defendant is correct that the allegation that Metts "should have" known of the risks associated with using the Hoyer lift does not state a claim. However, the Court concludes that, at the pleading stage, the risk associated with the use of the Hoyer lift is sufficiently obvious to warrant requiring Defendant to answer. See Farmer v. Brennan, 511 U.S. 825, 842 (1994).

Accordingly, the motion to dismiss the claim against Defendant Metts should be denied.

9

## V. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss (ECF No. 40) and amended motion to dismiss (ECF No. 53) be DENIED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 5, 2017                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

10