UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY,<br><br>    Plaintiff,<br><br>v.<br><br>SUSAN HUBBARD, et al.,<br><br>    Defendants. | CASE NO. 1:12-cv-01200-LJO-MJS (PC)<br><br>**ORDER GRANTING ORAL MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM**<br><br>**(ECF No. 66)**<br><br>**ORDER DIRECTING PERSONAL SERVICE OF SUBPOENA DUCES TECUM BY UNITED STATES MARSHALS SERVICE WITHOUT PREPAYMENT OF COSTS** |

**I.    Procedural History**

Plaintiff is a former state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. On May 4, 2016, the Court screened Plaintiff's third amended complaint and found that it stated cognizable claims against ten defendants: Dr. Gonzalez, Dr. Nguyen, Dr. Metts, Physician's Assistant L. Peters, Physician's Assistant T. Byers, Nurse T. Grossi, Nurse Ruff, Nurse Indindes, and Nurse Amanda Kaylor. (ECF No. 31.)

Defendants Gonzalez, Metts, and Kaylor waived service and filed a motion to dismiss. Duc Nguyen was served on behalf of Defendant Nguyen, but service on Mr.

Nguyen was quashed. (ECF No. 60.) The remaining summons were returned unexecuted.

The Court has held two status conferences to attempt to resolve service issues. (ECF Nos. 64, 66.) Therein and subsequent thereto, counsel for Defendants Gonzalez, Metts, and Kaylor represented that Defendants Byers, Grossi, and Peters had executed service waivers and were expected to seek representation from the Office of the Attorney General. To date, however, these waivers have not been filed with the Court and these Defendants have not appeared in the action.

Defense counsel also indicated that the United States Marshals Service and California Correctional Healthcare Services were coordinating to re-attempt service on Dr. Thomas Nguyen. Again, however, no waiver from Dr. Nguyen has been filed with the Court and he has not appeared in the action.

Defendants Indindes, Ruff, and Dunn are no longer employed by the California Department of Corrections and Rehabilitation ("CDCR") and their full names and whereabouts are unknown to Plaintiff. Defense counsel has indicated that CDCR is unable to provide information regarding Defendants Indindes, Ruff, and Dunn to the Court or Marshals Service absent a court order or subpoena. When asked whether CDCR would comply with a court order in this case where it is not a Defendant, counsel was unable to respond affirmatively. Accordingly, it appears that the only option for Plaintiff to proceed with service on these Defendants is by obtaining further information by way of subpoena.

**II.     Legal Standard**

The court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," Austin v. Winett, 2008 WL 5213414, *1 (E.D.Cal.2008); 28 U.S.C. § 1915(d). Limitations

include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D.Cal.2010); Williams v. Adams, 2010 WL 148703, *1 (E.D.Cal.2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D.Pa.1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Id.

### III.   Discussion

The Court concludes that Plaintiff is entitled to obtain documents from CDCR containing the following information regarding Defendants Byers, Peters, Grossi, Nguyen, Indindes, Ruff, and Dunn, in order to identify, locate, and serve them: first and last names, dates of birth, last known addresses, last known phone numbers, and license numbers (if applicable). To the extent this information is maintained by a registry or contracting agency and is not available to CDCR, Plaintiff is entitled to documents containing the name and contact information for the registry or contracting agency. The information is highly relevant, otherwise unavailable to Plaintiff, and imposes little, if any burden on the responding party.

Defendants Gonzalez, Kaylor, and Metts were given notice of the possibility that subpoenas would issue seeking this identifying information for unserved Defendants. (See ECF Nos. 59, 64, 66.) The Court concludes that no further notice is necessary. See Fed. R. Civ. P. 45(a)(4).

### III.   Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED thatPlaintiff's oral motion for subpoena duces tecum is GRANTED consistent with this order:

3

1. The issuance of subpoenas duces tecum directing the Secretary of the California Department of Corrections and Rehabilitation to produce responsive documents to the request as set forth above is hereby authorized;

2. The Clerk of Court shall forward the following documents to the United States Marshal (USM):

   a. One (1) completed and issued subpoena duces tecum to be served on:
   **California Department of Corrections and Rehabilitation**
   **Office of the Secretary**
   **1515 S Street**
   **Sacramento, CA 95811**

   b. One (1) completed USM-285 form; and

   c. Two (2) copies of this order, one to accompany the subpoena and one for the USM;

3. Within **twenty (20) days** from the date of this order, the USM is DIRECTED to serve the subpoenas in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;

4. The USM shall effect personal service of the subpoena duces tecum, along with a copy of this order, upon the individual/entity named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §566(c); and

5. Within **ten (10) days** after personal service is effected, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM-285 form.

IT IS SO ORDERED.

Dated:   February 3, 2017            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

4