UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY, <br><br>    Plaintiff, <br><br>v. <br><br>SUSAN HUBBARD, et al., <br><br>    Defendants. | CASE NO. 1:12-cv-01200-LJO-MJS (PC) <br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME** <br><br>**(ECF NO. 74)** <br><br>**RESPONSE TO COMPLAINT DUE WITHIN SEVEN DAYS** |

    Plaintiff is a former state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. On May 4, 2016, the Court screened Plaintiff's third amended complaint and found that it stated cognizable claims against ten defendants: Dr. Gonzalez, Dr. Nguyen, Dr. Metts, Physician's Assistant L. Peters, Physician's Assistant T. Byers, Nurse T. Grossi, Nurse Ruff, Nurse Dunn, Nurse Indindes, and Nurse Amanda Kaylor. (ECF No. 31.)

    Before the Court is Defendants Byers, Grossi, and Peters' motion for an extension of time to respond to the complaint. (ECF No. 74.) Defense counsel states she has spoken with Plaintiff and he does not oppose the motion.

## I. Procedural History

Defendants Gonzalez, Metts, and Kaylor waived service and filed a motion to dismiss. Duc Nguyen was served on behalf of Defendant Nguyen, but service on Mr. Nguyen was quashed. (ECF No. 60.) Summons for Defendants Indindes, Ruff, and Dunn were returned unexecuted. (ECF Nos. 45, 46, 67.) Waivers sent to Defendants Byers, Grossi, and Peters were not immediately returned and, for reasons that are presently unclear, the United States Marshals Service apparently did not attempt personal service on these Defendants. (ECF No. 56.)

The Court has held two status conferences to attempt to resolve service issues. (ECF Nos. 64, 66.) In the latest of these, on January 12, 2017, counsel for Defendants Gonzalez, Metts, and Kaylor represented that Defendants Byers, Grossi, and Peters had received service packets and were expected to seek representation from the Office of the Attorney General. Shortly thereafter, counsel for Defendants Gonzalez, Metts, and Kaylor represented to Court staff that the service packets had been received by the Office of the Attorney General. However, as of February 6, 2017, no waivers from these Defendants were filed and no appearance was made on their behalf. Accordingly, on that date, the Court granted Plaintiff's oral motion for subpoena duces tecum and issued a subpoena directing the California Department of Corrections and Rehabilitation ("CDCR") to provide Plaintiff with certain documents regarding these and other unserved Defendants.

CDCR was served with the subpoena on March 1, 2017. (ECF No. 73.) On March 16, 2017, Defendants Byers, Grossi, and Peters filed the instant motion for extension of time. (ECF No. 74.) On March 23, 2017, CDCR moved to quash the subpoena as to Byers, Grossi, and Peters on the ground that "waivers have been returned as to Byers, Peters, and Grossi," even though no such waivers had been filed with the Court. (ECF No. 75.) On March 30, 2017, executed service waivers for Byers, Grossi, and Peters were filed. (ECF No. 78.)

## II. Discussion

In her motion for extension of time, counsel for Defendants Byers, Grossi, and Peters asks the Court to extend their deadline to respond to the third amended complaint pending resolution of the motion to dismiss by Defendants Gonzalez, Kaylor, and Metts.[1] Counsel states that an extension is necessary to "avoid burdening the Court with duplicative filings, and to determine the nature of their response depending upon the outcome of that Order." Although counsel states in her declaration that Defendants Byers, Grossi, and Peters "were provided with the Third Amended Complaint and waivers of service by the U.S. Marshal," notably absent from the declaration is any reference to when the waivers were provided to Defendants or when their response was due.

The waivers recently filed with the Court reflect that they were mailed on September 13, 2016. (ECF No. 78.) Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(ii), Defendants' response was due sixty days later, or November 14, 2016. Defendants are now significantly in default. Indeed, counsel's filing of the instant motion simultaneous with the belated return of the waivers could be construed as an effort to avoid entry of default.

The Court has reviewed counsel's declaration and finds that it presents no cause, let alone good cause, that would explain this delay. Of particular note, the service packets reportedly were delivered to the Office of the Attorney General in January 2017, yet no explanation is given for the Attorney General's failure to promptly return the waivers or file a responsive pleading. Indeed, there is nothing in the record before the Court that would suggest anything other than purposeful delay on the part of the Office of the Attorney General. Such unexcused delay does not provide a basis for granting an extension of time.

---

[1] The motion to dismiss presently is pending on Findings and Recommendations to the District Judge. (ECF No. 65.)

Furthermore, Defendants' claim that they wish to "avoid burdening the Court" rings hollow. As stated, the Court has held two status conferences attempting to resolve service issues regarding these Defendants, has authorized a subpoena for CDCR records, and has pending before it CDCR's motion to quash that subpoena. Significant judicial and public resources have been expended, and continue to be expended, in attempting to resolve an issued caused by the purposeful or neglectful conduct of the parties and their counsel.

In light of the circumstances presented above, Defendants' request to delay their filing for thirty days following the ruling on the motion to dismiss, while bold, is unsupportable. Accordingly, they will be granted **seven days** from the date of this order in which to respond to the complaint. **Absent a showing of extraordinary, presently unforeseeable, circumstances beyond the control of counsel and the parties, no further extensions of time will be granted. Indeed, requests that are not so supported will subject the requesting party to sanctions.**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion for extension of time is DENIED;
2. Defendants Grossi, Peters, and Byers shall respond to the complaint within **seven days** of the date of this order.

IT IS SO ORDERED.

Dated:   April 4, 2017                          /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE