UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY, <br><br> Plaintiff, <br><br> v. <br><br> SUSAN HUBBARD, et al., <br><br> Defendants. | CASE NO. 1:12-cv-01200-LJO-MJS (PC) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER** <br><br> **(ECF NO. 76)** |

Plaintiff is a former state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. On May 4, 2016, the Court screened Plaintiff's third amended complaint and found that it stated cognizable claims against ten defendants: Dr. Gonzalez, Dr. Nguyen, Dr. Metts, Physician's Assistant L. Peters, Physician's Assistant T. Byers, Nurse T. Grossi, Nurse Ruff, Nurse Dunn, Nurse Indindes, and Nurse Amanda Kaylor. (ECF No. 31.)

Before the Court is a motion for protective order brought by real party in interest California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 76.) Plaintiff filed a response. (ECF Nos. 88, 89, 93.) CDCR filed a reply. (ECF No. 90.) The matter is submitted. Local Rule 230(*l*).

## I. Procedural History

The subpoena at issue on this motion arises out of a lengthy and cumbersome effort to serve the Defendants in this case.

Defendants Gonzalez, Metts, and Kaylor waived service early in this litigation. Duc Nguyen was served on behalf of Defendant Nguyen, but service on Mr. Nguyen was quashed. (ECF No. 60.) Summons for Defendants Indindes, Ruff, and Dunn were returned unexecuted. (ECF Nos. 45, 46, 67.) Waivers sent to Defendants Byers, Grossi, and Peters were not immediately returned and, for reasons that are presently unclear, the United States Marshals Service ("USM") did not attempt personal service on these Defendants. (ECF No. 56.)

The Court held two status conferences to attempt to resolve service issues. (ECF Nos. 64, 66.) In the latest of these, on January 12, 2017, counsel for Defendants Gonzalez, Metts, and Kaylor represented the following: Defendants Byers, Grossi, and Peters had received service packets and were expected to seek representation from the Office of the Attorney General; address information for the correct Defendant Nguyen had been given to USM; and CDCR was unwilling to provide information for Defendants Indindes, Ruff, and Dunn absent a court order. (ECF No. 66.) Accordingly, on February 6, 2017, the Court granted Plaintiff's oral motion for subpoena duces tecum and issued a subpoena directing CDCR to provide Plaintiff with certain documents regarding the unserved Defendants to assist with service of process. (ECF No. 71.) Defendants Byers, Grossi, and Peters since have appeared in the action and answered the complaint. (ECF No. 85.)

## II. Discussion

CDCR seeks to modify the subpoena to require that the information required by the subpoena be provided only to the USM for purposes of effecting service, and that the confidential information not be provided to Plaintiff. Plaintiff agrees, "as long as such modification does not waive any rights of discovery[.]" (ECF No. 93.) As this subpoena

was issued solely to obtain information necessary to serve the Defendants, the Court agrees that the subpoena may be modified. However, if the Defendants are not served or do not waive service within 60 days of the date of this order, the Court will order the information released to Plaintiff so that he may conduct his own inquiries or seek further subpoenas to attempt to locate Defendants for service.

Based on the foregoing, it is HEREBY ORDERED that:

1. CDCR's motion for protective order is GRANTED IN PART AND DENIED IN PART as set forth herein;
2. Within five (5) days of the date of this order, CDCR shall provide the information for Defendants Indindes, Ruff, and Dunn to the USM for service.

IT IS SO ORDERED.

Dated: May 5, 2017         /s/ *Michael J. Seng*
                           UNITED STATES MAGISTRATE JUDGE