UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>SUSAN HUBBARD, et al., <br><br>　　　　Defendants. | CASE NO. 1:12-cv-01200-LJO-MJS (PC) <br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENA** <br><br>**(ECF NO. 75)** |

Plaintiff is a former state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. On May 4, 2016, the Court screened Plaintiff's third amended complaint and found that it stated cognizable claims against ten defendants: Dr. Gonzalez, Dr. Nguyen, Dr. Metts, Physician's Assistant L. Peters, Physician's Assistant T. Byers, Nurse T. Grossi, Nurse Ruff, Nurse Dunn, Nurse Indindes, and Nurse Amanda Kaylor. (ECF No. 31.)

Before the Court is a motion to quash subpoena by real party in interest California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 75.) Plaintiff filed a response. (ECF Nos. 88, 89, 93.) CDCR filed a reply. (ECF No. 90.) The matter is submitted. Local Rule 230(*l*).

1

## I. Procedural History

The subpoena at issue on this motion arises out of a lengthy and cumbersome effort to serve the Defendants in this case.

Defendants Gonzalez, Metts, and Kaylor waived service early in this litigation. Duc Nguyen was served on behalf of Defendant Nguyen, but service on Mr. Nguyen was quashed. (ECF No. 60.) Summons for Defendants Indindes, Ruff, and Dunn were returned unexecuted. (ECF Nos. 45, 46, 67.) Waivers sent to Defendants Byers, Grossi, and Peters were not immediately returned and, for reasons that are presently unclear, the United States Marshals Service ("USM") did not attempt personal service on these Defendants. (ECF No. 56.)

The Court held two status conferences to attempt to resolve service issues. (ECF Nos. 64, 66.) In the latest of these, on January 12, 2017, counsel for Defendants Gonzalez, Metts, and Kaylor represented the following: Defendants Byers, Grossi, and Peters had received service packets and were expected to seek representation from the Office of the Attorney General; address information for the correct Defendant Nguyen had been given to USM; and CDCR was unwilling to provide information for Defendants Indindes, Ruff, and Dunn absent a court order. (ECF No. 66.) Accordingly, on February 6, 2017, the Court granted Plaintiff's oral motion for subpoena duces tecum and issued a subpoena directing CDCR to provide Plaintiff with certain documents regarding the unserved Defendants to assist with service of process. (ECF No. 71.) Defendants Byers, Grossi, and Peters since have appeared in the action and answered the complaint. (ECF No. 85.)

## II. Discussion

CDCR contends that the subpoena is moot as to Defendants Byers, Grossi, and Peters because they waived service and appeared in the action. (ECF No. 75.) Plaintiff agrees, "as long as this request does not waive any rights Plaintiff may have of discovery with CDCR and defendants." (ECF No. 93.) As this subpoena was issued solely to obtain

2

information necessary to serve the Defendants, the Court agrees that the subpoena is moot as to Byers, Grossi, and Peters. The subpoena will be quashed as to these Defendants.

CDCR contends that the subpoena is moot as to Defendant Nguyen because "[t]he name and address of the registry for whom Mr. Nguyen works were previously provided to the U.S. Marshal for the purpose of effecting service of process." (ECF No. 75.) However, the docket in this case reflects no appearance from Defendant Nguyen. Representatives of USM have informed Court staff that waivers sent to the address provided by CDCR were never returned. Additionally, the address is inappropriate for personal service because it is a P.O. Box. In light of these circumstances, CDCR's claim that the subpoena is moot strains credulity. The motion to quash will be denied.

Nonetheless, CDCR asks that any confidential information associated with the subpoenas not be divulged to Plaintiff. Plaintiff states that he has no desire for the information, so long as the Defendants are served. Accordingly, in lieu of providing documents to Plaintiff, the Court will permit CDCR to submit the following information directly to the Court in camera: Defendant Nguyen's full name, license number, registry name, registry phone number, if any, and registry address, including a physical address, if any. However, if Defendant Nguyen is not served or does not waive service within 60 days of the date of this order, the Court will order the information released to Plaintiff so that he may conduct his own inquiries or seek further subpoenas to attempt to locate Defendant Nguyen for service.

Based on the foregoing, it is HEREBY ORDERED that:
1. CDCR's motion to quash is GRANTED IN PART AND DENIED IN PART as set forth herein;
2. Within five (5) days of the date of this order, CDCR shall provide the following information to the Court in camera at mjsorders@caed.uscourts.gov: Defendant Nguyen's full name, license

number, registry name, registry phone number, if any, and registry address, including a physical address, if any.

IT IS SO ORDERED.

Dated: May 5, 2017　　　　　　　　/s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE