UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN HUBBARD, et al.,<br><br>Defendants. | CASE NO. 1:12-cv-01200-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING NON-COGNIZABLE CLAIMS**<br><br>**(ECF Nos. 28, 126)** |

Plaintiff is a former state prisoner proceeding in forma pauperis but with counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the Court are the Magistrate Judge's December 4, 2017 findings and recommendations to dismiss certain claims for failure to state a cognizable claim. (ECF No. 126.)

**I.  Procedural History**

This case has a lengthy and somewhat complicated procedural history that bears on the matters presently before the Court.

Plaintiff initiated this action (hereinafter "Baldhosky I") pro se on July 23, 2012 with the filing of his complaint and a motion to proceed in forma pauperis. (ECF Nos. 1, 3.) Shortly thereafter, Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 6.)

The complaint lingered in the screening stage until December 9, 2013. (ECF No. 13.) On that date, the Magistrate Judge reviewed the complaint and noted several defects: (1) the seventy-four page complaint was "replete with redundancies, unnecessary verbiage, and legal citations and extracts," and therefore failed to meet the pleading requirements of Federal Rule of Civil Procedure 8(a); (2) the complaint contained claims that were not properly joined under Rule 18(a); (3) factual detail was lacking to link specific claims to specific defendants, and (4) the facts as pled did not support cognizable claims. The complaint was dismissed with leave to amend. (Id.)

Plaintiff filed a first amended complaint on January 21, 2014. (ECF No. 16.) On February 7, 2014, Plaintiff apparently heeded the Court's admonition regarding misjoinder and initiated a separate action, Baldhosky v. State, No.1:14-cv-00166-LJO-MJS (hereinafter "Baldhosky II"), which contained a number of claims originally pled in his complaint in Baldhosky I. On April 30, 2014 and May 1, 2014, Plaintiff lodged in Baldhosky I a second amended complaint. (ECF Nos. 20, 23.) The second amended complaint eventually was filed as the operative pleading. (ECF Nos. 24 and 25.) On October 7, 2015, the Magistrate Judge screened the second amended complaint, found some of the claims cognizable, and ordered Plaintiff to file a third amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. (ECF No. 26.)

On October 28, 2015, Plaintiff filed a third amended complaint. (ECF No. 28.) On May 4, 2016, the Magistrate Judge issued his final screening order, in which he dismissed several of Plaintiff's Eighth Amendment medical indifference claims with prejudice for failure to state a claim. (ECF No. 31.) This case has since proceeded against Defendants Drs. Gonzalez, Nguyen, and Metts; PAs Peters and Byers; and

Nurses Grossi, Ruff, Indindes, Kaylor, and Dunn on Eighth Amendment claims for medical indifference on the bases set forth in the Magistrate Judge's screening order. (Id.) Little else of substance has occurred due to delays associated with locating and serving all of the defendants.

While Plaintiff pursued the screening process in Baldhosky I, his claims in Baldhosky II also were under review. On October 20, 2014, the Magistrate Judge issued a final screening order on the first amended complaint, finding cognizable medical indifference and state law medical negligence claims against Defendants Sanchez, Diwendi, Yang, Cross, Toni, Smith, Daniels, and Does 2-13, 15-17, 19-20, and 24-40, all physicians and nurses at Corcoran State Prison. (ECF No. 8 in Baldhosky II.) The remaining claims and defendants were dismissed.[1] (Id.) The defendants were served with process and filed a motion to dismiss, arguing that the statute of limitations had expired. (ECF No. 19 in Baldhosky II). The undersigned granted the motion and Plaintiff appealed. (ECF Nos. 35, 38 in Baldhosky II.)

On appeal of Baldhosky II, the Ninth Circuit determined that the Magistrate Judge abused his discretion in Baldhosky I when he dismissed the initial complaint with leave to amend, rather than severing the misjoined claims. (ECF No. 44 in Baldhosky II). Thus, the Ninth Circuit concluded, Plaintiff was entitled to equitable tolling of the statute of limitations in Baldhosky II. (Id.) The Ninth Circuit vacated the judgment and remanded. Baldhosky II is now in discovery pending resolution of the pleadings.

**II.      Williams v. King**

Both Baldhosky I and Baldhosky II have proceeded to discovery on a screening order issued solely by a Magistrate Judge.

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a

---

[1] Plaintiff also challenges the screening order in Baldhosky II. These challenges will be addressed in a separate order in that action.

civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a claim with prejudice during screening, even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

On December 4, 2018, the Magistrate Judge recognized that Defendants had neither appeared nor consented to Magistrate Judge jurisdiction when the relevant screening order issued, and he therefore re-issued his previous screening order as findings and recommendations. The findings and recommendations were served on all parties with notice that objections thereto were to be filed within fourteen days. (ECF No. 126.) Plaintiff obtained counsel, who filed objections on his behalf. (ECF Nos. 128, 130.) Defendants filed no objections, nor did they respond to Plaintiff's objections.

**III.     Plaintiff's Objections**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of Plaintiff's case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis. The Court responds to Plaintiff's objections below.

**A.     Screening Requirement**

The Magistrate Judge screened Plaintiff's complaint pursuant to the in forma pauperis statute, which provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff contends that the Court's authority to dismiss complaints brought by non-prisoners proceeding in forma pauperis is limited to pleadings that are frivolous or malicious. According to Plaintiff, if a non-prisoner's complaint is not frivolous or malicious, service should immediately be ordered, and the pleadings resolved through

the adversarial process on a motion to dismiss. He therefore contends that the action should proceed on all claims stated in the third amended complaint.

Courts have widely held that 28 U.S.C. § 1915(e)(2)(B) authorizes the court to sua sponte screen and dismiss claims without regard to whether the Plaintiff is a prisoner. See e.g., Rowe v. Shake, 196 F.3d 778, 783 (7th Cir.1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." (citing § 1915(e)(2)(B)); Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006); Atamian v. Burns, 236 Fed. Appx. 753, 754 (3rd Cir. 2007) ("[T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners."); Buchheit v. Green, 705 F.3d 1157, 1161 (10th Cir. 2012).

Plaintiff's reliance on cases limiting such screening to actions that are frivolous or malicious is misplaced. The current section 1915(e) replaced the former section 1915(d), which provided that a district court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1994). The Supreme Court held in Neitzke v. Williams, 490 U.S. 319 (1989), that section 1915(d) did not authorize district courts to dismiss, sua sponte, a complaint for failure to state a claim. Thereafter, Congress amended the statute to expressly include the "failure to state a claim" basis for sua sponte dismissal. It is therefore clear that Congress intended to overrule Neitzke in that regard. It is therefore also clear that section 1915(e) permits a district court to dismiss an in forma pauperis complaint that fails to state a claim. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998)).

Plaintiff's argument to the contrary is therefore unavailing.

**B.     Review of Individual Claims**

Alternatively, Plaintiff argues that all of his stated claims are cognizable or can be made cognizable through amendment.

### 1. Generalized Allegations

The Magistrate Judge noted that Plaintiff's complaint improperly raised "some general allegations that are directed toward all of the Defendants collectively." (ECF No. 126 at 12.) The Magistrate Judge recommended dismissal of these claims because did not set forth specific facts regarding the conduct of any individual defendant that led to an alleged violation of Plaintiff's rights, as required to state a claim under section 1983. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's objections in this regard are directed primarily to his claims alleging that individuals who identities are apparently presently unknown reviewed his health care services requests and failed to act in violation of his constitutional rights.

The mere failure to act on a health care services request is insufficient to allege a violation of the Eighth Amendment. Additionally, the denial of a prisoner's administrative requests generally does not cause or contribute to any underlying constitutional violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Thus, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.

If Plaintiff has some basis to suggest that the individuals reviewing his health care requests either acted with deliberate indifference to his serious medical needs or turned a blind eye to the constitutional violations of subordinates, he has failed to present it. Instead, he suggests he should be able to pursue discovery to determine whether this occurred. This does not comport with applicable pleading standards. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007) (pleading standards require plaintiffs to nudge their claims "across the line from conceivable to plausible").

### 2.     Olga Beregovskaya[2]

Plaintiff presents three grounds on which he contends he should be permitted to proceed against Defendant Beregovskaya.

First, he states that Beregovskaya was his primary care physician "at times" from February 2010 to July 29, 2010. From May 7, 2010 to July 29, 2010, she saw Plaintiff nearly daily. During this time, Plaintiff required assistance he could not perform on his own to ensure that his recovery from pressure sores and infection would be successful. In this regard, he was under the care of a contract surgeon, Dr. Freeman, who ordered surgery for a date certain. Beregovskaya knew of this recommendation but failed to prepare Plaintiff for surgery and Plaintiff did not receive the surgery as scheduled. Apparently, records reflect that this was due to an error. Nonetheless, Plaintiff speculates that discovery could show that Beregovskaya instead acted with deliberate indifference. He offers no facts to support this contention. His speculation is insufficient to demonstrate a cognizable claim. Twombly, 550 U.S. at 547 (2007) (pleading standards require plaintiffs to nudge their claims "across the line from conceivable to plausible").

Next, he alleges deliberate indifference based on Beregovskaya's decision not to return Plaintiff to Dr. Freeman for post-surgical care, and to instead care for the wound herself. According to Plaintiff, this care was inadequate and Beregovskaya was not adequately trained or competent to address his complex medical condition. However, as stated by the Magistrate Judge, these allegations suggest at most negligence, and not a constitutional claim.

Finally, he contends that Beregovskaya's failure to arrange post-release medical care constituted constitutionally actionable deliberate indifference to his serious medical needs under the Eighth Amendment. As stated by the Magistrate Judge, a prison official's obligations to a released prisoner under the Eighth Amendment are extremely

---

[2] Erroneously named in the complaint as "Olga Veregovskay."

limited. See Wakefield v. Thompson, 177 F.3d 1160, 1164 (9th Cir. 1999). The Court finds no support for the argument that Beregovskaya was required to maintain Plaintiff's medical care in the community, as Plaintiff contends. Accordingly, this allegation fails to state a claim.

### 3. PA Peters

The Magistrate Judge found some of the claims against Defendant Peters to be cognizable. However, the Magistrate Judge concluded that Peters' alleged failure to provide Plaintiff a "proper care plan" at a time when Plaintiff had not yet developed pressure sores, failed to state a claim. Plaintiff's objections reflect some confusion in this regard, as he contends that the care was inadequate to heal the pressure sores, and therefore deliberately indifferent. The Court agrees with the Magistrate Judge that the facts alleged regarding Plaintiff's June 30, 2009 visit with Peters do not state a claim.

### 4. Dr. Gonzalez

The Court agrees with Plaintiff that Gonzalez's alleged failure to consider possible accommodations for Plaintiff is sufficient to state a claim. While Plaintiff does not have a right to the treatment of his choice, and the evidence eventually may show that Plaintiff's requested accommodations were denied without deliberate indifference to his medical needs, the alleged failure to examine Plaintiff and the related failure to offer **any** accommodations (other than bowel care supplies) in the face of early-onset skin deterioration is sufficient to state a claim. In separate findings and recommendation on Defendants' motion to dismiss, the Magistrate Judge clarified that the cognizable claim "arises from Defendant Gonzalez's failure to examine Plaintiff and thereafter to offer appropriate treatment for his skin deterioration." (ECF No. 65 at 7.) The undersigned adopted these findings and recommendations in full. (ECF No. 82.) The Court understands the current findings and recommendations to reach the same conclusion. The Court need not, and will not, parse the complaint to determine whether Plaintiff states a cognizable claim with regard to each accommodation he desired.

### 5. Defendant Ruff

The Magistrate Judge found cognizable claims against Defendant Ruff. However, he deemed non-cognizable the allegation that Ruff improperly positioned Plaintiff on an examination table, which Plaintiff contends Ruff did for her own convenience. Plaintiff states that he can amend the complaint to state that he complained to Ruff that the positioning was causing him pain and that he suffered unnecessary pain for approximately five minutes. This de minimis contact does not rise to a constitutional violation. Cf. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort '"repugnant to the conscience of mankind."'" (citations omitted)). Even if amended, it would fail to state a claim.

## IV. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations issued December 4, 2017 (ECF No. 126) are adopted in full;
2. The action shall continue to proceed on the cognizable Eighth Amendment medical indifference claims against Drs. Gonzalez, Nguyen, and Metts; PAs Peters and Byers; and Nurses Grossi, Ruff, Indindes, Kaylor, and Dunn, as explained in the Magistrate Judge's screening order; and
3. All other claims and defendants are dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated: **March 20, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE