UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA KAYLOR, *et al.*,<br><br>Defendants. | Case No. 1:12-cv-01200-LJO-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT BE DENIED<br><br>ECF No. 179 |

Plaintiff Raymond Baldhosky is a former state prisoner proceeding with counsel in this civil rights action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 6, 2019, the magistrate judge issued findings and recommendations to deny defendants' motion for partial summary judgment. ECF No. 179. Defendants filed objections to the findings and recommendations on May 20, 2019. ECF No. 187. In their objections, defendants make four primary arguments, which the court will address in turn.

First, defendants argue that the magistrate judge "relied on [an] inadmissible and untimely expert opinion." *Id.* at 1-3. Defendants reference an expert declaration that included

opinions of plaintiff's expert that were not disclosed prior to the expert-discovery deadline.[1] *See* Godoy Decl. ¶¶ 7-12 (opining that exposing a wound to feces can lead to infection, that a MRSA infection can cause death, and that it is sometimes appropriate for a nurse to deviate from a doctor's order). In the findings and recommendations, the magistrate judge acknowledged the declaration's untimeliness but concluded that this late disclosure was harmless:

> Though defendants' objections . . . have some merit [because plaintiff's submission was untimely], we find that the addition of this new information was harmless. It is common knowledge that exposing a wound to feces can lead to infection, that a MRSA infection can cause death, and that a "nurse must use common sense and professional knowledge when carrying out a physician's orders." [Godoy Decl. ¶¶ 7-12.] Because these opinions could not have been a surprise to defendants, the late filing of Godoy's declaration is harmless.

ECF No. 179 at 7-8. Despite defendants' protestations to the contrary, the court agrees that the late addition of these self-evident facts in a case about defendants' alleged failures to change soiled bandages could not have unduly surprised defendants. Thus, the magistrate judge was correct to deem the late submission of the declaration to be harmless.

Second, defendants argue that summary judgment should not be denied as to defendant Ruff because the evidence shows that Ruff did not refuse to change a bandage soiled with feces. Defendants are correct about what the evidence shows. Rather than refusing to change a soiled bandage, the evidence, construed in plaintiff's favor, shows that Ruff refused to provide a clean bandage to plaintiff after he defecated in his original bandage, "took a shower to clean the feces off," and the "dressing came off in the wet environment." Baldhosky Decl. ¶ 10. Defendants are incorrect, however, as to their legal conclusion. Ruff's alleged refusal to provide plaintiff with a clean bandage—thereby ensuring that plaintiff's open sore would be unprotected for most of a day—is sufficient to state a deliberate indifference claim and defeat summary judgment.

---

[1] Defendants do not challenge plaintiff's expert *report*, which was timely disclosed within the timeline set by the court, ECF No. 166; they take issue only with the expert's *declaration*.

1 | Third, defendants argue that summary judgment should not be denied as to defendants
2 | Kaylor, Indendi, and Dunn. ECF No. 187 at 3-4. In the findings and recommendations, the
3 | magistrate judge concluded that defendants failed to demonstrate a prima facie entitlement to
4 | summary judgment in part because plaintiff alleged that Kaylor, Indendi, and Dunn refused to
5 | change his soiled bandages. ECF No. 179 at 12-13. Defendants contend that this conclusion is
6 | flawed because "the magistrate judge assumed, without evidence, that Plaintiff's bandages
7 | were soiled with feces," but "Plaintiff did not testify or submit any evidence to show that he
8 | informed Kaylor, Indendi, or Dunn that his bandages were soiled with fecal matter." ECF No.
9 | 187 at 3-4. (bolding and italics omitted). This argument is simply belied by the summary-
10 | judgment record.[2] *See, e.g.*, ECF No. 28 at 20-21 ("On or about November 13, 2009, Plaintiff
11 | suffered an unintended [bowel movement] and soiled his dressing and wound. Plaintiff
12 | reported the issue to Nurse[] Kaylor . . . and asked for a dressing change. The nurse[] refused
13 | to clean and dress the wound, telling Plaintiff to come back later."). Defendants' third
14 | argument is therefore without merit.

15 | Fourth, defendants argue that no evidence supports the magistrate judge's finding that
16 | plaintiff suffered harm from any delay on the part of defendants in changing plaintiff's soiled
17 | bandages. *Id.* at 4-6. This argument likewise lacks merit. The magistrate judge proffered three
18 | bases to "to infer that defendants' alleged failure to promptly change plaintiff's soiled dressings
19 | caused the deterioration of plaintiff's condition, perhaps even including MRSA":

> First, plaintiff's expert opined that "[e]xposing a wound to feces can lead to infection." Godoy Decl. ¶ 7. Second, defendants Dunn, Kaylor, and Indendi concede in their declarations that it would be "risky" to not promptly change a soiled bandage. *See* Dunn Decl. ¶ 6; Kaylor Decl. ¶ 6; Indendi Decl. ¶ 6. Third, the

---

[2] Defendants' assertion that "[n]othing in Plaintiff's *declaration* clarifies or gives rise to a reasonable inference that his bandages were soiled with fecal matter on those occasions requested dressing changes from these Defendants," ECF No. 187 at 4 (emphasis added), is similarly dubious. In his declaration, plaintiff alleges the following facts from which the inference in question may be drawn: On numerous occasions, his bandages fell off during showers and he inadvertently soiled his bandages with feces. *Id.* ¶¶ 7, 9-10. Nonetheless, "Defendants did not change soiled dressing or missing dressings when [he] requested it. *Id.* ¶ 8. "When a nurse refused to change a soiled or missing bandage, I complained to whomever would listen." *Id.* ¶ 17.

3

sequence of the alleged facts—failures to promptly change a soiled bandage, followed by pressure sores and MRSA—suggest a possible causal relationship. Specifically, Ruff refused to change plaintiff's soiled bandages on October 19, 2009, and Indendi refused to change plaintiff's soiled bandages on October 24, 2009.[3] TAC at 21. Thereafter, on October 24, 2009, plaintiff was transferred to a local hospital where he "was advised that [he] had a Stage III pressure sore infected with MRSA." *Id.* ¶ 22. Likewise, after plaintiff's discharge from the hospital in early November 2009, plaintiff alleges that Kaylor and Dunn failed to change his wounds. TAC at 21. Shortly thereafter, in December 2009, plaintiff was readmitted to the hospital with a "Stage IV/unstageable pressure sore" with MRSA. Baldhosky Decl. ¶ 25.

ECF No. 178 at 13. Defendants' arguments in opposition are unavailing and forget the standard with which we consider the evidence at summary judgment. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002) (stating that the evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party").

In conclusion, the court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. Accordingly, IT IS HEREBY ORDERED that:

1. the findings and recommendations filed May 6, 2019, ECF No. 179, are adopted in full; and
2. the defendants' November 16, 2018, motion for partial summary judgment, ECF No. 168, is denied.

IT IS SO ORDERED.

Dated: __May 29, 2019__     _____/s/ Lawrence J. O'Neill_____
UNITED STATES CHIEF DISTRICT JUDGE

---

[3] "Defendants argue that Indendi's alleged actions could not have caused plaintiff harm, because plaintiff had already been feeling unwell in the days prior to Indendi's alleged refusal to change plaintiff's soiled bandages. ECF No. 168-1 at 8. We disagree. Even assuming that Indendi's alleged actions did not cause plaintiff's infection, it would be justifiable to infer that his actions exacerbated it." ECF No. 178 at 13 n.3.