# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY,<br><br>        Plaintiff,<br><br>    v.<br><br>SUSAN HUBBARD, *et al*.,<br><br>        Defendants. | Case No. 1:12-cv-01200-JDP<br><br>ORDER ATTACHING JURY INSTRUCTIONS<br><br>OBJECTIONS DUE BY FRIDAY, DECEMBER 6, 2019 |

        Attached are the court's jury instructions. The instructions are based on the parties' jointly proposed jury instructions, ECF No. 236, which I understand come largely from the Ninth Circuit Model Jury Instructions. I have included the first of defendants' separate proposed jury instructions, to which plaintiff no longer objects. *See* ECF No. 240 at 3 and ECF No. 254. I have not included plaintiff's separately proposed instruction or defendant's second separately proposed instruction. *See* ECF No. 238 and ECF No. 240 at 4. Plaintiff's separate instruction on wealth seems intended for use in state court when punitive damages are not at issue, *see* ECF No. 238 at 6, and defendants' instruction on causation seems geared specifically toward *Monell* claims, *see City of Canton, Ohio v. Harris*, 489 U.S. 378, 391-92 (1989). Objections are due by the close of business on December 6, 2019.

IT IS SO ORDERED.

Dated:    December 4, 2019   

                                    UNITED STATES MAGISTRATE JUDGE

No. 205.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAYMOND BALDHOSKY,

            Plaintiff,

     v.

SUSAN HUBBARD, *et al*.,

            Defendants.

Case No. 1:12-cv-01200-JDP

JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 1

Members of the jury:

You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathies. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**COURT'S INSTRUCTION NO. 2**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a civil rights action brought under the Eighth Amendment of the United States Constitution. The Eighth Amendment protects individuals against cruel and unusual punishment while in government custody. The plaintiff in this case, Raymond Baldhosky, was formerly incarcerated by the California Department of Corrections and Rehabilitation, also known as "CDCR," at CDCR's California Substance Abuse Treatment Facility. Mr. Baldhosky contends in this lawsuit that while incarcerated at that facility his Eighth Amendment rights were violated because the individual defendants were deliberately indifferent to his serious medical needs. Each of the defendants was a state-employed healthcare provider at that facility; a physician, physician assistant, or nurse. Generally, Mr. Baldhosky contends that he developed a pressure sore on his buttocks and that the defendants deliberately failed to provide him timely and adequate medical treatment.

As plaintiff, Mr. Baldhosky has the burden of proving these claims.

Defendants deny these claims and contend that they properly addressed plaintiff's medical needs on those occasions that they saw or treated him.

**COURT'S INSTRUCTION NO. 3**

This is not an action against the State of California, or against the California Department of Corrections and Rehabilitation, or any prison of the California Department of Corrections and Rehabilitation.

This is an action against defendants Byers, Dunn, Gonzalez, Grossi, Indendi, Kaylor, Metts, Nguyen, Peters, and Ruff.

**COURT'S INSTRUCTION NO. 4**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

## COURT'S INSTRUCTION NO. 5

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

## COURT'S INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence;

3. any facts to which the lawyers have agreed;

4. any facts that I may instruct you to accept as proved.

**COURT'S INSTRUCTION NO. 7**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT'S INSTRUCTION NO. 8**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## COURT'S INSTRUCTION NO. 9

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## COURT'S INSTRUCTION NO. 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were and how much weight you think their testimony deserves.

## COURT'S INSTRUCTION NO. 11

The parties have agreed to certain facts to be placed in evidence as Joint Exhibit 1.  You must therefore treat these facts as having been proved.

## COURT'S INSTRUCTION NO. 12

The evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## COURT'S INSTRUCTION NO. 13

You will hear testimony from certain medical professionals who will testify to their opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**COURT'S INSTRUCTION NO. 14**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.

Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:

Do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it (although I have no information that there will be news reports about this case). Do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do

16

not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is important that you follow them.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and risks a mistrial, which would require that the entire trial process start over.  If any juror is exposed to any outside information, please notify the court immediately.

## COURT'S INSTRUCTION NO. 16

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

## COURT'S INSTRUCTION NO. 17

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

**COURT'S INSTRUCTION NO. 18**

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant a party's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## COURT'S INSTRUCTION NO. 19

Trials proceed in the following way:

First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


RAYMOND BALDHOSKY,

               Plaintiff,

    v.

SUSAN HUBBARD, *et al*.,

               Defendants.

Case No. 1:12-cv-01200-JDP

FINAL JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. 1**

Members of the Jury:

Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**COURT'S INSTRUCTION NO. 2**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**COURT'S INSTRUCTION NO. 3**

This is not an action against the State of California, or against the California Department of Corrections and Rehabilitation, or any prison of the California Department of Corrections and Rehabilitation.

This is an action against defendants Byers, Dunn, Gonzalez, Grossi, Indendi, Kaylor, Metts, Nguyen, Peters, and Ruff.

## COURT'S INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence;

3. any facts to which the lawyers have agreed;

4. any facts that I may instruct you to accept as proved.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT'S INSTRUCTION NO. 5**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial testimony.

Some of you have taken notes during the course of trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**COURT'S INSTRUCTION NO. 6**

The plaintiff brings his claims under a federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## COURT'S INSTRUCTION NO. 7

In order to prevail on his § 1983 claims against each defendant, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the conduct of the defendant deprived the plaintiff of his particular rights under the United States Constitution (as explained in later instructions).

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendants acted under color of state law.If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under the next instruction for his Eighth Amendment claims, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

# COURT'S INSTRUCTION NO. 8

As previously explained, the plaintiff has the burden of proving that the conduct of the defendants deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendants deprived him of his rights under the Eighth Amendment to the Constitution when the defendants failed to adequately render treatment for his pressure sore.

Under the Eighth Amendment, a prisoner has the right to be free from "cruel and unusual punishments." This right includes the right to receive timely and adequate medical treatment. In order to prove that a defendant deprived the plaintiff of this right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff faced a serious medical need;

2. the defendant was deliberately indifferent to that medical need, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

3. the conduct of the defendant caused harm to the plaintiff.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.

A "serious" medical need is present whenever the failure to treat a prisoner's condition could result in further significant injury or in the unnecessary and wanton infliction of pain.

When the defendant lacks authority over budgeting decisions, the issue of whether a prison official met his or her duties to an inmate under the Eighth Amendment must be considered in the context of the personnel, financial and other resources available to the defendant or which he or she could reasonably obtain.

## COURT'S INSTRUCTION NO. 9

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's claims of deliberate indifference to his serious medical needs, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The nature and extent of the injuries;
- The disability, disfigurement, and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
- The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;
- The reasonable value of necessary medical care, treatment, and services received to the present time;
- The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his or her actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others,

and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

## COURT'S INSTRUCTION NO. 11

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**COURT'S INSTRUCTION NO. 12**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COURT'S INSTRUCTION NO. 13

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

- Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it (although I have no information that there will be news reports about this case). Do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials, and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has

been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is important that you follow them.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## COURT'S INSTRUCTION NO. 14

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## COURT'S INSTRUCTION NO. 15

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the court security officer that you are ready to return to the courtroom.