UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BALDHOSKY, | Case No. 1:12-cv-1200 (PC) |
| Plaintiff, | ORDER GRANTING MOTION RE COSTS TAXED |
| v. | ECF No. 273 |
| SUSAN HUBBARD, *et al.*, | ORDER GRANTING REQUEST TO SEAL DOCUMENTS |
| Defendants. | ECF No. 280 |

This matter is before the court to consider whether it is appropriate for plaintiff, a former state prisoner with a permanent disability, to pay costs to the state on behalf of defendants, who provided medical care and access to care for plaintiff while imprisoned. Plaintiff moves for court review of 7,672.44 dollars of costs taxed against him. ECF No. 273; *see also* Fed. R. Civ. P. 54(d); Local Rule 292(e). Defendants have filed an opposition, ECF No. 276, and plaintiff has replied, ECF No. 277. On August 12, 2021, the court heard arguments on this motion, and the parties were allowed to submit additional briefing. ECF Nos. 280,[1] 281. This matter is ripe for review.

---

[1] Plaintiff also seeks to seal financial documents. ECF No. 280. That request is unopposed, and the court will grant it.

1

Plaintiff is a wheelchair-bound paraplegic individual who alleged that defendants provided inadequate treatment that led to pressure sores and infections. He alleged medical deliberate indifference claims against defendants, and the case culminated in a six-day trial, with testimony from plaintiff, David Patterson, Tara Godoy, Angel Gonzalez, Teresa Grossi, Amanda Kaylor, Dianna Machelle Dunn, Carrie Indendi, Thomas Nguyen, Lance Peters, Julius Metts, Timothy Byers, Isabel Ruff, and John Fullerton. The jury deliberated for more than two hours before rendering a verdict for defendants. ECF No. 263. Defendants now seek trial preparation costs in the amount of 7,672.44 dollars for taking fourteen depositions in preparation for trial.

**Discussion**

Rule 54(d) governs the award of costs and creates a presumption in favor of awarding costs to the prevailing party. *See* Fed. R. Civ. P. 54(d); *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (Rule 54(d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court the discretion to refuse to award costs."). "Generally, a district court has discretion to deny a prevailing party's request for an award of taxable costs but must specify its reasons for denying such a request." *Baker v. Cottrell, Inc.*, 831 F. App'x 246, 249 (9th Cir. 2020) (upholding denial of costs for the prevailing party by district court for failure to follow procedures in the local rules) (citing *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002)). The reasons for denying costs to a prevailing party are not finite. For example, in denying costs, district courts can consider plaintiff's limited financial resources, the economic disparity between parties, and the potential chilling effect on similar actions in the future. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014); *see P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1168 (9th Cir. 2007) ("[F]actual findings underlying the district court's decision are reviewed for clear error."). District courts may also consider "the complexity of the case, [plaintiff]'s good faith in asserting her claims, the parties' conduct during the course of litigation, and the nominal relief awarded to [defendant]." *Mau v. Mitsunaga & Assocs.*, 742 F. App'x 279, 280 (9th Cir. 2018) (internal quotation marks omitted).

Here, defendants are the prevailing party and enjoy the presumption in favor of awarding costs. Fed. R. Civ. P. 54(d). Plaintiff, however, has limited financial resources as shown in his sealed financial disclosures. ECF No. 280. Defendants argue that plaintiff's financial documentation is not detailed enough to assess whether the award of costs will render him indigent. I disagree. Plaintiff has shown that he has debt and that his expenses are greater than his income. Additionally, there is great financial disparity between the parties. These reasons are sufficient to find that costs should be denied.

**Conclusion**

Accordingly, it is hereby ordered that:

1. Plaintiff's request to seal, ECF No. 280, is granted and his submission of his financial statement is sealed. Only court personnel and defense counsel are permitted access to the sealed records. This order is to remain in effect.

2. Plaintiff's motion to re-tax costs, ECF No. 273, is granted, and defendants' bill of costs is denied.

IT IS SO ORDERED.

Dated: March 8, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3.